[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11290
Non-Argument Calendar
_____

D.C. Docket No. 1:13-cv-01823-ODE

SHAWNTAE JONES,

Plaintiff-Appellant,

versus

TRIPLE Z, INC.,
d.b.a. Pars Cars,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 7, 2017)

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Shawntae Jones appeals the unfavorable jury verdict in her workplace sexual harassment and retaliation lawsuit, brought against Triple Z., Inc. (Pars Cars), pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  On appeal, Jones argues that the district court erred by failing to properly instruct the jury as to her retaliation claims, which prevented the jury from considering and rendering a complete verdict.  After a careful review of the record and the parties' briefs, we affirm.

## I.

Jones worked as a used car sales representative for Pars Cars.  She was based at the Mount Zion location, which was the flagship store.  Jones alleges that shortly after she began working there, her sales manager, Lance Dawkins, began sexually harassing her.  Among other things, Jones contends that she was retaliated against after she complained to her superiors about Dawkins's behavior and filed an EEOC charge.   Pars Cars denied all allegations.

## II.

We generally review jury instructions de novo to determine "whether they misstate the law or mislead the jury to the prejudice of the objecting party." *Conroy v. Abraham Chevrolet-Tampa, Inc.*, 375 F.3d 1228, 1233 (11th Cir. 2004) (internal quotation marks omitted).  "If, however, we find that the instructions accurately reflect the law, the district court has wide discretion as to the

instructions' style and wording." *Id.* "When reviewing a district court's failure to give a requested instruction, even if the requested instruction correctly states the law, we will only reverse if (1) the contents of the requested instruction are not adequately covered by the jury charge and (2) the requesting party suffers prejudicial harm." *Id.*

In order to preserve an issue on appeal, we also require a party to object to a jury instruction, distinctly explaining the matter and grounds for the objection prior to jury deliberations. *See Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999). Generally, "[a] party who fails to raise an objection to a jury instruction prior to jury deliberations waives its right to raise the issue on appeal." *Id.* But we have recognized two limited "exceptions to this rule: first, where a party has made its position clear to the court previously and further objection would be futile; and second, where it is necessary to correct a fundamental error or prevent a miscarriage of justice." *Id.* (internal quotation marks omitted).

### III.

Jones did properly preserve objections with respect to (1) the jury instructions' exclusion of the EEOC charge as a form of protected activity, and (2) the prohibition on going to or selling cars from the Mount Zion location as an adverse action. However, the given instructions did not misstate the law or mislead the jury. The district court correctly defined both protected activity and

adverse actions. And those definitions sufficiently covered both the EEOC charge and the prohibition from going to or selling at Mount Zion. Finally, there was no prejudicial harm. The jury was fully aware that there were various retaliatory actions and Jones was permitted to argue as much in closing arguments.

## IV.

As to her other objections—the jury instructions failure to include (1) the retaliatory act of Jones's name being left off of car sales, (2) the protected actions of her rejecting her sales manager's behavior and complaining to her managers about it, and (3) the burden of production for each of her retaliation claims—Jones waived her right to challenge those issues. Because Jones did not clearly object to the jury instructions based on those exclusions before jury deliberations, she failed to preserve those issues for appeal. Consequently, Jones may only prevail if either of the two exceptions applies; they do not. Jones did not make her positions on these issues clear to the court. In fact, she continually took inconsistent positions when asked to identify the protected activities and retaliatory actions throughout the course of the proceedings. Furthermore, no fundamental error exists. Accordingly, the district court did not err in instructing the jury on Jones' retaliation claims. We affirm.

**AFFIRMED.**

4